By the Court, Jones, J.
It is evident, from the plaintiff’s complaint, that her claim to an injunction order, rests on some one, or all, of the three following grounds :
1. That no steps taken by the landlord, under the ten day clause of the lease, can have the effect of terminating the term demised; and that the refusal to remove, pursuant to such notice, is a mere breach of covenant, for which summary proceedings will not lie, and, therefore, that the landlord’s affidavit, presented to the city judge, shows, on its face, a want of jurisdiction.
2. That, by virtue of the parol agreement, (if proved, and is founded on sufficient consideration,) the term continued; and, therefore, the city judge has no jurisdiction.
*11 3. That there being no consideration for such parol agreement, it can only be enforced in equity on the ground, that the plaintiff) relying on the promise, has made an outlay of large sums upon the premises, which she will wholly lose, if the agreement be not fulfilled.
Assuming the propositions of law contained in the first two grounds to be correct, still equity will not, on such grounds, interfere by injunction, inasmuch as the plaintiff has an adequate and perfect remedy at law, by writ of prohibition, to prevent the city judge from exceeding his authority.
The only principle suggested by the appellant’s counsel upon which the parol agreement, being without con-' sideration, can be made to operate for the benefit of the plaintiff, is that appertaining to estoppels in pais. He, however, is in error in supposing that the principle of an estoppel in pais can be applied only in equity. The principles,! ' on which the doctrine of estoppels in pais is based, arel simply rules of evidence, by which, in consequence ofl certain matters having taken place, a party is precluded! from proving certain facts, or relying on a certain claim/ or defense, which he otherwise would be entitled to prove, or to rely on. These rules are the same in actions at law and suits in equity.
Thus much as regards the injunction against proceedings before the city judge.
As regards the prayer for an injunction order against the defendants, in any way interfering with the possession of the plaintiff, there is nothing to warrant such order. There is no allegation in the complaint, that the defendants threaten or intend to interfere with such possession, otherwise than by the proceeding before the city judge; and there is nothing in any of the papers indicating any such intention on their part. The bare allegation of a fear, that the defendants are about to do some act, with *12 out any allegation of some facts or circumstances which, prima facie, justify such fear, will not authorize the making of an injunction order to restrain the commission of such apprehended acts.
There being, thus, no ground for equitable interference shown by the complaint, the order appealed froin must be affirmed; no costs of appeal to either party.
Ordered accordingly.